Oldcastle Precast, Inc. v Steiner Bldg. NYC, LLC (2024 NY Slip Op 00459)

Oldcastle Precast, Inc. v Steiner Bldg. NYC, LLC

2024 NY Slip Op 00459

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 651491/19 Appeal No. 1585 Case No. 2023-04001 

[*1]Oldcastle Precast, Inc., Plaintiff-Respondent,
v
Steiner Building NYC, LLC, et al., Defendants-Appellants, John Doe No. 1, et al., Defendants.

Guazzo and Guazzo, New York (Delia M. Guazzo of counsel), for appellants.
Rogers, Habas & Eisen, P.C., Orangeburg (Patricia E. Habas of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J), entered on or about June 12, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate the note of issue pursuant to 22 NYCRR 202.21(e) in part because it found sua sponte that defendants' challenge to the discovery Referee's letter order, precluding defendants' sur-rebuttal expert reports, was untimely, unanimously affirmed, without costs.
A trial court's ruling on a motion to vacate a note of issue is reviewed under an abuse of discretion standard (see Matos v City of New York, 154 AD3d 532, 533 [1st Dept 2017]). CPLR 3104 governs supervision of disclosure by a referee and provides that "[a]ny party or witness may apply for review of an order made under this section by a referee. The application shall be by motion made in the court in which the action is pending within five days after the order is made." Defendants never moved for review of the Referee's March 25, 2022 order. Rather, they filed a motion to vacate the note of issue on or about November 28, 2022, eight months after the Referee's order precluding the sur-rebuttal reports.
Here, the court acted properly and within its discretion in sua sponte finding defendants' argument as to the sur-rebuttal reports procedurally improper and time-barred. Defendants failed to put forth a good cause argument pursuant to CPLR 2004 for their failure to timely file a motion seeking review of the Referee's order (see Baram v Person, 205 AD3d 470, 470-471 [1st Dept 2022]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024